IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-707-GMS |
| | ) |
| JOSEPH R. BIDEN, III, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Leonard Miller, Jr. ("Miller"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Miller filed this complaint pursuant to 42 U.S.C. § 1983 alleging that the State of Delaware possesses DNA evidence that, if test, will conclusively establish whether he committed a crime, but that the DNA testing is arbitrarily denied him. (D.I. 3.) The DNA evidence has been gathered and preserved. Miller states that he has availed himself of all possible postconviction avenues for relief in State court.[1]

---

[1] In July 1992, Miller was found guilty by the Delaware Superior Court jury of two counts of Unlawful Sexual Intercourse in the First Degree and was sentenced to a total of thirty-five years incarceration at Level V, to be suspended after thirty years for decreasing levels of probation. His convictions were affirmed on direct appeal, *Miller v. State*, No. 471, 1992 (Del. Nov. 1, 1993), and two post conviction motions were denied as untimely, *Miller v. State*, No. 145, 1996 (Del. Apr. 22, 1996) and *Miller v. State*, 879 A.2d 602, 2005 WL 1950222 (Del. July 18, 2005) (table decision).

Miller seeks injunctive relief to compel DNA testing of crime scene evidence.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Miller proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Miller leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Miller has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Miller's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Miller names as defendants Public Defender Brendan O'Neill ("O'Neill") and Assistant Public Defender Lisa M. Schwind ("Schwind"). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). The claims against them fail as a matter of law. Inasmuch as the claims against O'Neill and Schwind have no arguable basis in law or in fact, and they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## IV. CONCLUSION

For the above reasons, the claims against O'Neill and Schwind will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Miller may proceed with his due process claim the Attorney General of the State of Delaware Joseph R. Biden, III.[3]

An appropriate order will be entered.

Nov 29, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] *See Skinner v. Switzer*, ___U.S.___, 131 S.Ct.1289 (2011) (A convicted state prisoner seeking DNA testing of crime scene evidence may assert the claim in a civil rights action under 42 U.S.C. § 1983.); *Grier v. Klem*, 591 F.3d 672 (3d Cir. 2010) (Where a prisoner files a § 1983 claim to request access to evidence for DNA testing, that claim is not barred by the principles outlined in *Heck v. Humphrey*, because even if the plaintiff prevails on his § 1983 claim, he will merely gain access to biological evidence, which in and of itself cannot invalidate or undermine his conviction.).