IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LENARD MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-707-GMS |
| | ) |
| JOSEPH R. BIDEN, III, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Lenard Miller, Jr. ("Miller"), an inmate at the James T. Vaughn

Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.  (D.I. 3.)

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Before the court is the defendant Joseph R. Biden, III's motion to dismiss.  (D.I.

12.)  For the reasons that follow, the court will grant the motion to dismiss.  Miller will be given

leave to amend.

## II. BACKGROUND

Miller filed his complaint pursuant to 42 U.S.C. § 1983 alleging that the State of

Delaware possesses DNA evidence that, if tested, will conclusively establish whether he

committed a crime, but the State has arbitrarily denied him DNA testing.  (D.I. 3.)  The DNA

evidence has been gathered and preserved.  Miller states that he has availed himself of all

possible postconviction avenues for relief in State court.[1]  Miller seeks injunctive relief to compel

---

[1]In July 1992, Miller was found guilty by the Delaware Superior Court jury of two counts
of Unlawful Sexual Intercourse in the First Degree and was sentenced to a total of thirty-five
years incarceration at Level V, to be suspended after thirty years for decreasing levels of

DNA testing of crime scene evidence. Biden moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) on the grounds that: (1) this court does not have subject matter jurisdiction to review the decisions of state courts; (2) the complaint fails to allege that Miller sustained a procedural due process violation; and (3) the complaint fails to allege the requisite personal involvement on behalf of Biden.

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha*

---

probation. His convictions were affirmed on direct appeal, *Miller v. State*, No. 471, 1992 (Del. Nov. 1, 1993), and two post conviction motions were denied as untimely, *Miller v. State*, No. 145, 1996 (Del. Apr. 22, 1996) and *Miller v. State*, 879 A.2d 602, 2005 WL 1950222 (Del. July 18, 2005) (table decision).

*v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

**B.  Rule 12(b)(6)**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Miller. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Miller proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

**C.  Discussion**

Miller seeks access to evidence. He alleges that the evidence has been gathered and preserved but that the State of Delaware refuses to make it available for DNA testing. Miller

alleges that the State law remedy of the existing system violates his procedural due process rights under the Fourteenth Amendment.

"[P]rocedural due process does not require that a district attorney disclose all potentially exculpatory evidence for postconviction relief." *Grier v. Klem*, 591 F.3d 672, 678 (3d Cir. 2010). A procedural due process claim will only lie where a State's procedures for postconviction relief (particularly procedures for DNA testing requests) are so flawed as to be "fundamentally unfair or constitutionally inadequate." *See Spuck v. Pennsylvania*, 456 F. App'x 72, 73 (3d Cir. 2012) (unpublished) (citations omitted); *see also Skinner v. Switzer*, __U.S.__, 131 S.Ct. 1289, 1293 (2011) (noting that *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), "left slim room for the prisoner to show that the governing state law denies him procedural due process").

The complaint as it now stands, does not explain how Delaware's postconviction procedures for disclosure of alleged exculpatory are inadequate as a matter of law. Even liberally construing the complaint, Miller has failed to state a viable procedural due process claim. Therefore, the court will grant the motion to dismiss.

However, since it appears plausible that Miller may be able to articulate a claim against the defendant (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## IV. CONCLUSION

For the above reasons, the court will grant the motion to dismiss (D.I. 12). The plaintiff

will be given leave to amend.

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware