IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LENARD MILLER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 11-707-GMS |
| | ) |
| JOSEPH R. BIDEN, III, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Lenard Miller, Jr. ("Miller"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court dismissed the original complaint on February 5, 2013 and gave Miller leave to amend to cure his pleading defects. (D.I. 17, 18.) An amended complaint was filed on March 1, 2013. (D.I. 19.) Before the court is the defendant Joseph R. Biden, III's motion to dismiss the amended complaint. (D.I. 21.) For the reasons that follow, the court will grant the motion.

### II. BACKGROUND

The amended complaint, filed pursuant to 42 U.S.C. § 1983, alleges that the State of Delaware possesses DNA evidence that, if tested, will conclusively establish whether Miller committed a crime. The DNA evidence has been gathered and preserved. Miller alleges the State arbitrarily denied DNA testing of a fitted bed sheet, although it did perform DNA tests on certain other unnamed materials. (D.I. 19.) The amended complaint appears to reinstate Delaware

Public Defender Brendan O'Neill ("O'Neill"), who was previously dismissed as a defendant. Miller takes exception to legal representation provided him by the Office of the Public Defender of the State of Delaware with regard to DNA testing. Miller alleges that both defendants denied him procedural due process for access to Delaware's State law procedures for DNA testing, and that they deprived him of his liberty interest for all procedures including initial collateral review procedures under State Criminal Rule 61. Biden moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) on the grounds that: (1) this court does not have subject matter jurisdiction to review the decisions of state courts; (2) the amended complaint fails to allege that Miller sustained a procedural due process violation; and (3) the amended complaint fails to allege the requisite personal involvement on behalf of Biden.

### III. STANDARDS OF REVIEW

#### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891

(3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Miller. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, although, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Miller proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3

## C. Discussion

Once again Miller alleges that the State law remedy of the existing system violates his procedural due process rights under the Fourteenth Amendment. "[P]rocedural due process does not require that a district attorney disclose all potentially exculpatory evidence for postconviction relief." *Grier v. Klem*, 591 F.3d 672, 678 (3d Cir. 2010). A procedural due process claim will only lie where a State's procedures for postconviction relief (particularly procedures for DNA testing requests) are so flawed as to be "fundamentally unfair or constitutionally inadequate." *See Spuck v. Pennsylvania*, 456 F. App'x 72, 73 (3d Cir. 2012) (unpublished) (citations omitted); *see also Skinner v. Switzer*, __U.S.__, 131 S.Ct. 1289, 1293 (2011) (noting that *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), "left slim room for the prisoner to show that the governing state law denies him procedural due process").

The original complaint failed to describe how Delaware's postconviction procedures for disclosure of alleged exculpatory are inadequate as a matter of law. Miller was given leave to amend to cure the pleading defects but, similar to the original complaint, the amended complaint fails to contain allegations explaining how Delaware's postconviction procedures for disclosure of alleged exculpatory are inadequate as a matter of law. Even liberally construing the amended complaint as the court must, Miller has failed to raise procedural due process claims. Therefore, the court will grant the motion to dismiss.

In addition, the claims against reinstated defendant O'Neill fail as a matter of law. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981). Hence, the § 1983 raised against him fails as a matter of law. Therefore, the court will dismiss

the claims against O'Neill as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## IV. CONCLUSION

For the above reasons, the court will grant the motion to dismiss the amended complaint (D.I. 21) and will dismiss the claims against O'Neill as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1). Miller was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Miller did not remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) and *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

An appropriate order will be issued.

_____
UNITED STATES DISTRICT JUDGE

_July 2_, 2014
Wilmington, Delaware

5